Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM SCOTT NOEL,<br><br>　　　　　Defendant. | Case No. 3:06-cr-0064-JWS<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS |

*I.	Introduction*

On or about December 28, 2005, two probation officers arrived unannounced at Mr. Noel's home.  At the time, Mr. Noel was on parole release status in the State of Alaska for a criminal case.  Probation Officers Heritsco and Kim made, what is described in their report, a "supervision contact" with Mr. Noel.

Upon arrival at the residence, the parole officers confronted Mr. Noel with allegations that he was involved in new criminal conduct involving controlled substances and guns.  At the outset of the confrontation the officers placed Mr. Noel into custody.  The officers drew guns and ordered Mr. Noel onto his knees, with his hands over his head,

while the officers proceeded to interrogate him about the alleged new criminal conduct of possession of guns and drugs.

As a result of what Mr. Noel asserts was a custodial interrogation designed to obtain incriminating information, Mr. Noel admitted to having recently used illegal controlled substances. Initially, Mr. Noel denied possession of any weapons. Eventually, he admitted that there was a vehicle parked outside his house that contained a gun. He explained that the gun was not his and that the vehicle was not his either. He explained that he was buying the vehicle from another person and that the gun in the vehicle belonged to someone else. Because the gun and the vehicle technically belonged to someone else, Mr. Noel explained that he could not allow the probation officers to search the vehicle. The probation officers advised Mr. Noel that the officer would break into the vehicle if Mr. Noel did not assist in allowing the probation officer to gain entry. As a result, Mr. Noel eventually helped the probation officer gain entry, and the officer found a gun in the vehicle.

Now, eight months later, Mr. Noel is charged in federal court with being a felon in possession of a firearm.

II. Issues Presented

1. Mr. Noel submits that he was, in effect, placed in custody at the time of the interrogation and that he was entitled to a *Miranda* warning before answering questions regarding new criminal offenses.

2. Mr. Noel submits that his answers were involuntarily provided in violation of the Fifth Amendment of the United States Constitution.

3. Mr. Noel asserts that the aforementioned violations of the Fifth Amendment should result in suppression of not only his statements to the probation officers, but also the fruit of those statements, which includes the finding of the gun in the vehicle.

*III.   Legal Argument*

It is well established that a *Miranda* warning is required for custodial interrogations conducted by law enforcement. *See Minnesota v. Murphy*, 465 U.S. 420, 429-31, 104 S. Ct. 1136, 1143-44 (1984); *United States v. Andaverde*, 64 F.3d 1305, 1310 (9th Cir. 1995), *cert. denied*, 516 U.S. 1164, 116 S. Ct. 1055 (1996).

Probation and parole officers who interrogate defendants in custody are not exempt from a *Miranda* warning requirement. *Id.; see also United States v. Nieblas*, 115 F.3d 703 (9th Cir. 1997).

Furthermore, statements made to a probation officer by a person in custody are subject to a voluntariness determination. *Jones v. Cardwell*, 686 F.2d 754, 757 (9th Cir. 1982).

In the present case, the events which gave rise to Mr. Noels admissions to the probation officers were more than a simple "supervision contact." Probation officers approached Mr. Noel in the same manner as a police officer executing an arrest warrant followed by a search incident to arrest.

The determination of whether a person is in "custody" requires an assessment of all of the circumstances surrounding the interrogation. *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002). The fundamental question presented is "whether

there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322, 114 S. Ct. 1526, 128 L. Ed. 2d 293 (1994) (internal quotation marks omitted).

In other words, the question is presented as whether "the officers established a setting from which a reasonable person would believe that he or she was not free to leave." *United States v. Beraun-Panez*, 812 F.2d 578, 580 (9th Cir.), *modified by* 830 F.2d 127 (9th Cir.1987). The following factors are among those likely to be relevant to deciding that question: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *Beraun-Panez*, 812 F.2d at 580.

In the present case, Mr. Noel asserts that the verbal accusations, combined with guns drawn, and the order for him to get on his knees and to put his hands on his head constituted a "restraint of movement of the degree associated with a formal arrest."

It should further be noted that the admissions regarding the gun in the car occurred after the parole officers had gained admissions, and located evidence, pertaining to drug paraphernalia. As a result, no person in Mr. Noel's position could reasonably believe he was free to leave at the time the gun admissions were obtained.

Suppression of the statement, the direct fruit of the *Miranda* violation, is the minimum required remedy.

The question remains, however, as to whether suppression of the gun, the physical fruit of the interrogation, is required. A *Miranda* violation, standing alone, is not enough to require suppression of the physical fruit of the statement. *United States v. Patane*, 542 U.S. 630, 124 S. Ct. 2620 (2004). The holding in *Patane*, however, is limited to *voluntary* unwarned statements. Therefore, it remains that physical evidence obtained as a result of a coerced, involuntary statement should be suppressed.

Voluntariness is a "totality of circumstances" inquiry that assesses "both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte*, 412 U.S. 218, 226-27, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973).

Mr. Noel asserts that the manner in which the questioning occurred, as described above, was coercive, and that Mr. Noel's answers to the questions put to him were involuntary.

### IV.   Conclusion

As a direct result of the coercive custodial interrogation conducted without a proper *Miranda* warning, as described above, law enforcement officials gained admissions that lead directly to discovery of the firearm that is the basis for the pending charges. Law enforcement clearly exploited the un-warned statements provided by Mr. Noel. As a result of the coercive approach to the questioning, the firearm also must be suppressed.

///

///

DATED this 25th day of August, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on August 25, 2006, a copy of the foregoing document, with attachments, was served electronically on:

David A. Nesbett, Esq.

/s/ Michael D. Dieni