NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>WILLIAM SCOTT NOEL,<br><br>        Defendant. | Case No. 3:06-cr-0064-JWS<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS** |

I.  Introduction

The United States, by and through counsel, hereby responds to the defendant's motion to suppress. There was no Miranda violation and, therefore, the defendant's statements should not be suppressed.

II.   Facts

On December 28, 2005, Juneau Probation Officers went to the residence of William Scott Noel for a field visit. They were following up on information provided to them from Juneau police indicating that Noel was in possession of controlled substances and a 9mm firearm, both violations of his probation. In addition to the tip, Noel had failed recently to report to the probation officers, also a violation of his conditions of probation.

Once contacted at his residence, the officers obtained verbal consent from Noel to search the residence and vehicle located on the property. The contact was cordial, relaxed, uneventful and non-confrontational. Noel was singularly cooperative. Once inside, officers reported that it appeared filthy, messy and noticed animal feces scattered throughout the residence. Officers asked Noel to sit on the floor of his kitchen because it was the only relatively clean place to sit. One officer watched Noel while the other officer searched the residence. The officers described the encounter as casual and normal. The officers never ordered Noel to his knees and never drew their guns.

Officers inquired as to drug use. Noel admitted recent drug use and provided the officers with a syringe and spoon with residue on it. He stated that he had used marijuana and oxycotin earlier in the day. A urine sample was

obtained from Noel which later tested positive for THC, oxycodone, cocaine, and opiates. Officers found additional drug paraphernalia in the residence.

Officers asked Noel whether he was in possession of a firearm. Noel informed the officers of a gun in his vehicle and he assisted the officers in opening its door. Inside a canvas bag under the driver's seat, the officers recovered a Hi-Point 9mm pistol, Model C9, serial number P1266465. The pistol was manufactured by Beemiller, Inc. located in Mansfield, Ohio.

After officers found the gun, and not at any time before, they then arrested Noel and placed him in the back of their car. Neither officer ever removed his firearm from its holster at any time during the encounter. Noel remained cooperative throughout the contact.

Noel is a convicted felon for Theft in the 2nd Degree and Tampering with Physical Evidence. At the time of this incident, Noel was on probation under the supervision of the Alaska Department of Corrections - Juneau District Probation Office.

III.    Argument

Noel argues that his statements concerning the whereabouts of the firearm were obtained in violation of his Miranda rights. Although the officers questions concerning the firearm would likely be considered interrogation, Noel was not in

custody at the time he made those statements and, therefore, were not obtained in violation of his rights.

The Supreme Court has ruled that a probation officer need not Mirandize a probationer before a non-custodial meeting. Minnesota v. Murphy, 465 U.S. 420, 431 (1984). In rejecting the argument that a probation meeting is inherently coercive, the Supreme Court refused to view the probationer-probation officer relationship as requiring treatment different from other non-custodial questioning. Id. The Ninth Circuit has rejected the reasoning that questioning by probation officers is inherently more coercive than questioning by other law enforcement officers. United States v. Andaverde, 64 F.3d 1305, 1312 (9th Cir. 1995).

To determine whether an individual is in custody, a court decides, after examining all of the circumstances surrounding the interrogation, whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. United States v. Kim, 292 F.3d 969, 973 (9th Cir. 2002). The following factors are among those likely to be relevant to deciding whether the officer has established a setting from which a reasonable person would believe that he or she was not free to leave: (1) the language used to summon the defendant; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the

detention; and (5) the degree of pressure applied to detain the defendant. Id. at 974.

Here, Noel was subject to nothing more than a supervision contact. The encounter was relaxed and non-confrontational. The language used was business-like and conversational. The officer explained to Noel they had received information that he was in possession of controlled substances and a firearm. Noel readily provided the officers with drug paraphernalia and acknowledged recent drug use. Noel also admitted possession of a firearm and provide the officers with directions where to find the gun. He voluntarily helped the officers open the door to the vehicle – an electrical cord was plugged into the car from his trailer – which was jammed shut. The surroundings consisted of his own home, not the potentially intimidating environment commonly associated with a probation office. Moreover, the contact last only minutes and the officer arrested the defendant without incident. Even the initial contact with Noel was described as cordial. Again, Noel was cooperative throughout the encounter. Noel was not in placed in custody until he was arrested after the officers found the gun.

The defense extravagantly misstates the facts of this case. The officers never drew their weapons. They never ordered Noel to fall to his knees and to place his hands over his head. They never commanded him to do anything. The

environment was not coercive. The officers did not arrest Noel until after they had found the gun in the vehicle.

IV. <u>Conclusion</u>

Based on the forgoing, Noel was not in custody at the time he provided officers with the location of the firearm and, therefore, there was no violation of <u>Miranda</u>. The statements and, hence, the firearm should not be suppressed.

RESPECTFULLY SUBMITTED this <u>8th</u> day of September, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2006,
a copy of the foregoing was served by electronic mail on:

Michael Dieni

s/ David A. Nesbett