Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM SCOTT NOEL,<br><br>        Defendant. | Case No. 3:06-cr-0064-JWS<br><br>MOTION TO SET SENTENCING IN JUNEAU |

       Defendant, William Scott Noel, by and through counsel Michael Dieni, Assistant Federal Defender, moves this court for an order setting the sentencing for Juneau.  At the change of plea, the court reserved ruling on Mr. Noel's request that sentencing be set in Juneau, the site of the offense and Mr. Noel's home town.  The court invited Mr. Noel to renew the request by written motion no later than January 5.  This motion, therefore, is timely filed.

       Based upon Mr. Noel's previously filed motion to change venue at Docket 17, this court already has been briefed on the legal argument in favor of setting the trial at the place of the offense.  In general, the matter is a question of the convenience of the relevant

witnesses. Criminal Rule 18 expressly requires that: "The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses." (Fed. R. Crim. P. 18.)

Rule 18 does not address sentencing, but there is no reason to believe that sentencing should be treated any differently than trial. Here, due regard for the convenience of the defendant and the fact witnesses all the more favors scheduling sentencing in Juneau.

At this point, it seems likely that Mr. Noel will have witnesses in Juneau significantly pertinent to the court's final decision pursuant to 18 U.S.C. § 3553. They are summarized as follows:

1. *Dr. Robinson and related medical professionals*. Mr. Noel has a history of clinical depression. In February 2006, after the offense, but prior to the present charges, Mr. Noel on his own went to see a psychiatrist in Juneau. Since this case began, Mr. Noel has sought follow-up medical treatment through a Dr. Shultz at J.A.M.I., a local mental health treatment organization, and is reported to currently be taking prescribed medication.

Mr. Noel's history of untreated manic depressive disorder might form the basis for a downward departure (U.S.S.G. 5k2.13) or otherwise form the basis for relief from an harsh guideline sentence. It is likely that there will be a need to take testimony on the subject.

2. *Yolanda Trucano.* Ms. Trucano is Mr. Noel's fiancee. She will have positive observations about Mr. Noel's post offense rehabilitation efforts, including

his work ethic and his effort to cope with clinical depression. By February, the current date for sentencing, she will be in the ninth month of a pregnancy with the couple's first child. She will be medically unfit to travel to Anchorage.

        3.    *John Versetti*. This individual is an employee who supervises individuals residing in what is known as a "three-quarter house." As a condition of parole, Mr. Noel has resided in this facility for most of the past year. Mr. Versetti has been in a position to personally observe Mr. Noel's post-offense rehabilitation and has written a favorable letter. It is likely he would wish to attend the sentencing. It would be virtually impossible for him to do so if the sentencing were to occur in Anchorage.

    Mr. Noel is cognizant of the judicial economy aspect of the court's decision. He will do his best to not be a financial burden in the sentencing process. He has been working recently at full time gainful employment and if he needs to go to prison he will seek to self-report. It will be very costly for Mr. Noel to travel back and forth from Juneau. In the event the court ultimately decides to impose a prison sentence, Mr. Noel plans to try to pay his own way to self-report either to the Marshals Service in Anchorage or to the designation institution.

    In conclusion, the sentencing cannot be done in an assuredly complete and dignified manner by letter or telephone. Mr. Noel's offense, and his entire life experience in Alaska, occurred in Juneau. Regardless of counsel's efforts to prepare in advance, it is not unusual for individuals known to the defendant to provide information at the last

minute in court.  Due process should accord Mr. Noel every opportunity to avail himself of the resources in Juneau, to make the best presentation possible for sentencing.

DATED this 5th day of January, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on January 5, 2007, a copy of the foregoing document, with attachments, was served electronically on:

David A. Nesbett, Esq.

/s/ Michael D. Dieni